# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER NORRIS NOLAN, BOP REG. NO. 46891-019,     Movant, | : <br> :    CRIMINAL INDICTMENT NO. <br> :    1:96-CR-0236-WBH <br> : <br> :    CIVIL ACTION NO. |
| v. | :    1:09-CV-2440-WBH <br> : |
| UNITED STATES OF AMERICA,     Respondent. | : <br> : <br> : |

## **ORDER AND OPINION**

On September 6, 1996, Movant was convicted of carjacking and unlawful transport of firearms, and he received sentences totaling 262 months. (Doc. 8.) On September 15, 2009, Movant's second 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence was denied. (Doc. 50.) Movant has now filed a Fed. R. Civ. P. 60(b) motion for relief from judgment ("Rule 60(b)"). (Doc. 52.) In this motion, Movant contends that he was improperly sentenced under 18 U.S.C. § 924(e), because one of the convictions used to enhance his sentences was only a misdemeanor drug conviction in the Superior Court of Fulton County. (*Id.* at 1-2; Doc. 52-2, attached Fulton County sentencing Order of October 23, 1986.) Movant also claims that this Rule 60(b) motion should not be construed as a

successive motion to vacate sentence. (Doc. 52 at 2.) As relief, Movant asks this Court to reopen his criminal case. (*Id.*)

Rule 60(b)(1)-(6) provides relief from judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). A party seeking relief under the "catchall" provision of Rule 60(b)(6) "must demonstrate that the circumstances are [] extraordinary." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).

The nature of Movant's requested relief and his claim that this motion should not be construed as a successive motion to vacate sentence suggest that he is directly challenging the enhanced sentences he received at the conclusion of his criminal proceedings. However, Rule 60(b) may not be used to attack a criminal conviction or sentence. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Whisby*, 323 F. App'x 781, 782 (11th Cir. Apr. 17, 2009) (district court "lacked jurisdiction" to consider Rule 60(b) motion challenging validity of life sentence). Therefore, Movant's motion is liberally construed as seeking relief from the Order denying his second § 2255 motion to vacate sentence.

2

AO 72A
(Rev.8/8
2)

Movant's claim that his sentences were improperly enhanced by the use of the Fulton County misdemeanor drug conviction was raised in his second 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 49 at 4.) In denying Movant's second motion to vacate sentence, this Court explained that, pursuant to 28 U.S.C. § 2244(b)(3), he must obtain permission from the United States Court of Appeals for the Eleventh Circuit to file a second or successive motion to vacate sentence. (Doc. 50 at 2.) Because the Eleventh Circuit had not granted Movant leave to file a successive motion to vacate sentence, this Court was required to deny his second motion to vacate sentence as successive without reviewing the merits of his ground for relief. (*Id.*)

In support of his claim that his second motion to vacate sentence should not be considered successive, Movant relies on the following statement from the Supreme Court: "If neither the [Rule 60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez,* 545 U.S. 524, 533 (2005). (Doc. 52 at 2.) According to Movant, his challenge to the enhanced sentences he received "fits" this statement in *Gonzalez.* (Doc. 52 at 2.)

3

AO 72A
(Rev.8/82)

*Gonzalez* was concerned with a Rule 60(b) motion filed by a state prisoner seeking relief from his denied 28 U.S.C. § 2254 habeas corpus petition. *Gonzalez*, 545 U.S. at 526. When applying *Gonzalez* to a federal prisoner's collateral attack of his sentence, a "motion that seeks to add a new ground for relief" is successive. *Gonzalez*, 545 U.S. at 532. With regard to Movant's ground for relief, a second § 2255 motion to vacate sentence which alleges that a prisoner's sentence should not have been enhanced under § 924(e) is properly denied as "successive." *United States v. Griffin*, 162 F. App'x 935, 936 (11th Cir. 2006). Accordingly, Movant's second § 2255 motion to vacate sentence is successive, and his Rule 60(b) motion should be denied.[1]

**IT IS ORDERED** that Movant's Rule 60(b) motion for relief from judgment [Doc. 52] is **DENIED**.

**IT IS SO ORDERED**, this 5th day of April, 2010.

WILLIS B. HUNT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because Movant contends that this Court erred by concluding that the merits of his second motion to vacate sentence could not be reviewed, his Rule 60(b) motion should not be construed as another successive motion to vacate sentence. *Gonzalez*, 545 U.S. at 532 n.4.

4